**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

Nicole Bockelman
Assistant U.S. Attorney
Nicole.Bockelman@usdoj.gov
(503) 727-1000
*Reply to Portland Office*

**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott Bradford
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

July 20, 2026

Michele L. Kohler, PC
Attorney at Law
205 SE Spokane Street, Suite 300
Portland, Oregon 97202

Re: *United States v. Brandon Craig Johnson,*
Case No. 3:23-cr-00196-IM

Plea Agreement Letter

Dear Counsel:

1. **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2. **Charges**: Defendant agrees to waive indictment and plead guilty to an Information charging him in **Count 1** with **Distribution of Methamphetamine**, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii).

3. **Penalties**: The maximum sentence of Count 1 of the Information is 40 years imprisonment, a mandatory minimum sentence of 5 years' imprisonment, a fine of $5,000,000, 5 years of supervised release, and a $100 fee assessment. Defendant agrees to pay the fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done. Defendant further stipulates to the forfeiture of the assets as set forth below. Defendant understands that if a mandatory minimum sentence is required, this may restrict the application of downward departures, adjustments, and variances in some cases.

Defendant understands that pleading guilty to the charges in this plea agreement may have immigration consequences if defendant is not a United States citizen, including removal from the United States, denial citizenship, and denial of admission to the United States in the

future. Furthermore, if any crime of conviction is an aggravated felony as defined in 8 U.S.C. § 1101(a)(43), such conviction makes it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States if defendant is not a U.S. citizen. Defendant acknowledges and agrees that defendant's attorney has explained this and that defendant still wants to plead guilty.

4. **Dismissal/No Prosecution**: As part of this agreement, the USAO agrees to dismiss all remaining counts charged against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5. **Elements and Factual Basis**:

A. In order for defendant to be found guilty of **Count 1 of the Information,** the government must prove the following elements beyond a reasonable doubt:

1. First, that on or about August 12, 2022, in the District of Oregon, defendant knowingly distributed a mixture or substance containing 50 grams or more of a detectable amount of methamphetamine, a Schedule II controlled substance;

2. Second, the defendant knew that the substance was methamphetamine.

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant agrees that he has committed each of the elements of the crimes to which defendant is pleading guilty, admits there is a factual basis for defendant's guilty plea, and that the government could prove the elements true beyond a reasonable doubt at trial.

As part of a larger investigation into 18th Street gang members and their distribution of controlled substances throughout the Portland, Oregon area, special agents with the Federal Bureau of Investigations initiated a wiretap investigation on a primary target.

FBI conducted interceptions of phone call communications, and agents surveilled communications between the primary target of the FBI investigation and defendant. In these communications, agents heard the primary target describe to defendant the pick-up location of a

large quantity of methamphetamine. The drug purchasers used defendant to obtain the drugs and surveillance captured defendant's activity in delivering the drugs to the eventual purchaser. Surveillance observed defendant pick-up multiple pounds of methamphetamine from a residence in Portland, Oregon and drive the methamphetamine to another house located in Portland, Oregon. Police stopped the vehicle driven by the buyer and recovered several pounds of methamphetamine.

6. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7. **Base Offense Level**: For **Count 1** of the Information, the parties agree that defendant's **Base Offense Level is 32**, pursuant to U.S.S.G. §§ 1B1.3 and 2D1.1(c)(4) and the mandatory minimum sentence is 5 years' imprisonment.

8. **Minor Role Reduction**: Based on defendant's role in the offense, the parties agree that defendant was a minor participant and jointly recommend a two-level reduction under U.S.S.G. § 3B1.2(b). Additionally, the parties agree defendant is eligible for a decrease in two-levels based on U.S.S.G. § 2D1.1(a)(5).

9. **No Zero-Point Offender**: The parties agree defendant does not qualify as a "Zero Point Offender," pursuant to U.S.S.G. § 4C1.1.

10. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a **two-level reduction** in defendant's offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

11. **Sentencing Recommendation**: The USAO and defendant will jointly recommend sentence of 60 months prison with 4 years of supervised release.

**6. No "Safety Valve" Adjustment**: Defendant does not meet the criteria of 18 U.S.C. § 3553(f) and USSG § 5C1.2 for "safety valve" relief from a mandatory minimum sentence.

**7. Guidelines Calculations are Estimates Only**: The guideline calculations above are set forth as estimates only and the parties understand that the final guideline calculations and Criminal History Category will be determined by the Court following the receipt of a Presentence Report and these initial estimates are not binding upon the parties. There is no agreement as to the defendant's criminal history or the applicability of any other Sentencing Guideline adjustments.

8. **Forfeiture Terms:**

A. **Assets and Authority**: By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c) and 21 U.S.C. § 853 as property constituting, or derived from the proceeds of defendant's criminal activity; or were used to facilitate defendant's criminal activity; as set forth in Count One of the Information.

B. **Agreement to Civil Forfeiture**: Defendant agrees not to file a claim or withdraw any claim already filed to any of the listed property in any civil proceeding, administrative or judicial, which has been or may be initiated. Defendant further waives the right to notice of any forfeiture proceeding involving this property and agrees not to assist others in filing a claim in any forfeiture proceeding.

C. **No Alteration or Satisfaction**: Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure. Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

D. **Title Assistance**: Defendant agrees to fully assist the USAO in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States, including but not limited to surrender of title and execution of any documents necessary to transfer defendant's interest in any of the above property to the United States, and assist in bringing any assets located outside the United States within the jurisdiction of the United States,

and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

E. **Assets Not Identified**: The USAO reserves its right to proceed against any remaining assets not identified either in this agreement or in the civil actions which are being resolved along with this plea of guilty, including any property in which defendant has any interest or control, if said assets, real or personal, tangible or intangible, are subject to forfeiture.

F. **Final Order of Forfeiture**: Defendant agrees not to contest entry of a Final Order of Forfeiture reflecting these forfeiture terms at the conclusion of the criminal case.

9. **Waiver of Appeal/Post-Conviction Relief**: : Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that the sentence imposed exceeds the statutory maximum. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided 18 U.S.C. § 3582(c)(2). In the event that defendant's conviction(s) or sentence under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

10. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

11. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

12. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea. If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise

a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

13. **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

14. **Deadline**: This plea offer expires if not accepted by July 22, 2026 at 5 p.m.

Sincerely,

SCOTT E. BRADFORD
United States Attorney

/s/ Nicole Bockelman

NICOLE BOCKELMAN
Assistant United States Attorney

**Acceptance of Plea Agreement**

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

7-30-26
Date

Brandon Johnson
Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

7/30/26
Date

Michele Kohler
Attorney for Defendant

I fully and accurately translated this agreement to the above-named defendant as the interpreter in this case. I fully and accurately interpreted discussions between the defendant and the attorney.

Date

Interpreter (if necessary)